34 F.3d 1067
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chokwuemeka Nwaorisa ANYAEHIE, a/k/a Emeka, Defendant-Appellant.
 No. 93-5811.
 United States Court of Appeals, Fourth Circuit.
 Argued June 9, 1994.
Decided August 19, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior Judge, sitting by designation. (CR-93-145-L)
 Argued: James Christopher Savage, Rockville, MD, for Appellant.
 Argued: Stephen S. Zimmermann, Assistant United States Attorney, Baltimore, MD. On brief: Lynne A. Battaglia, United States Attorney, Baltimore, MD, for Appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Chokwuemeka Nwaorisa Anyaehie challenges his conviction following a jury trial for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. He contends that the district court erred in refusing to require the government to play certain taperecorded conversations in the Ebo language at his trial. He also argues that the prosecution did not introduce sufficient evidence to support his conviction.
 
 
 2
 We review the district court's failure to require the playing of the foreign language tapes for plain error because Anyaehie did not raise an objection at trial. United States v. Olano, 113 S.Ct. 1770, 1776-79 (1993). Foreign language tapes need not be played before the jury when a transcript in English has been properly admitted into evidence. United States v. Valencia, 957 F.2d 1189, 1193-96 (5th Cir.1992).
 
 
 3
 Anyaehie objected to the prosecution's admission of copies of the tapes but then withdrew this objection after the court reminded him that the originals had been available for inspection by the defense. The original tapes were made available to Anyaehie several weeks prior to trial, and the government introduced the expert testimony of a linguist who had prepared English translations of the tapes. These translations were received into evidence and read to the jury without objection from Anyaehie. The government also introduced the testimony of another witness that the English language transcripts were an accurate translation of his taped Ebo language conversations with the defendant.
 
 
 4
 Because of the uncontroverted expert testimony regarding the transcripts' accuracy, there was no plain error warranting a reversal.
 
 
 5
 Anyaehie also challenges his conviction on the ground that there was insufficient evidence for a jury to return a guilty verdict. Two witnesses testified that he personally arranged for the sale of 100 grams of heroin. We find that the evidence presented at trial was sufficient to support Anyaehie's conspiracy conviction because a rational jury could have found him guilty beyond a reasonable doubt of each of the elements of the offense. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 6
 Anyaehie assigns error to the district court's failure to instruct the jury on multiple conspiracies. Specifically, he contends that evidence presented "established the existence of multiple conspiracies, not a single conspiracy as charged."
 
 
 7
 The district court's failure to give the instruction is reviewed for plain error, however, because Anyaehie did not request the jury charge at trial. Olano, 113 U.S. at 1777-79. There was, however, strong evidence that the prosecution presented to support the jury verdict with respect to a single conspiracy to distribute heroin. For this reason, the trial court did not commit plain error in not providing a multiple conspiracy instruction.
 
 AFFIRMED